UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ESTATE OF THERESA ADACHI; PATRICK FRANCIS STEELE, a personal representative of THERESA ADACHI; and PATRICK FRANCIS STEELE, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TRUSTAGE INSURANCE AGENCY, LLC d/b/a TRUSTAGE INSURANCE; DOES I-X and ROES I-X;<br><br>Defendant. | CASE NO.: 2:23-cv-1922-JCM-NJK<br><br>**SCHEDULING  ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Philip J. Trenchak, Esq., representing Plaintiff, and Robert A. Riether, Esq., representing Defendant, participated in the meeting required under Fed. R. Civ. P. 26(f), which was held on **January 04, 2024**.

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1, the parties do hereby stipulate to the following discovery plan and scheduling order:

1. **Initial Disclosures:**  The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

2. **Discovery Cut-Off Date(s):**  The parties propose that discovery be completed by August **2, 2024** which is 272 days from when Defendant filed its answer (November 4, 2023).  The parties explain their request for an extended discovery period in paragraph 15 of this report.

1

3. **Amending the Pleadings and Adding Parties:** The last day to file motions to amend pleadings or to add parties is **May 2, 2024**, which is not later than ninety (90) days prior to the close of discovery.

4. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The disclosure of experts and expert reports shall occur by **June 3, 2024**, which is not later than sixty (60) days before the discovery deadline. Disclosure of rebuttal experts and their reports shall occur by **July 3, 2024**, which is not later than thirty (30) days before the discovery deadline.

5. **Dispositive Motions:** Dispositive motions may be filed no later than **September 3, 2024,** which is thirty-one (31) days after the discovery deadline because September 2, 2024 is Labor Day. In the event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days from the subsequent discovery cut-off date.

6. **Pretrial Order:** The pretrial order shall be filed by **October 3, 2024**, which is not later than thirty (30) days after the date set for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time period set forth in this paragraph.

7. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

8. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with Local Rule ~~26-4~~ 26-3, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

9. **Later Appearing Parties:** A copy of this discovery plan and scheduling order shall be served on any person served after it is entered or, if additional defendants should appear, within five (5)

days of their first appearance.  This discovery plan and scheduling order shall apply to such later appearing party, unless the Court, on motion and for good cause shown, orders otherwise.

10. **Electronic Filing:**  The attorneys of record in this matter are registered for electronic filing with this Court. Any documents electronically filed with this Court are deemed to be sufficiently served on the other party as of the date that the document is electronically filed with the Court.

11. **Electronic Information:**  The parties do not anticipate issues about disclosures and discovery of electronically stored information, including the form or forms in which it should be produced.

12. **Privileged or Protected Documents:**  The parties anticipate Defendant may need a protective order depending on the scope of Plaintiffs' discovery requests. If the need arises, Defendant will draft a proposed Protective Order for Plaintiffs to review.

13. **Settlement:**  The parties conferred about the merits of the case and Defendant's view that Plaintiffs have not submitted a claim for benefits under the accidental death and dismemberment certificate of insurance and if they did, there is no coverage since Plaintiffs plead the Insured died of a heart attack, which is not an "accident" as defined by the certificate and is specifically excluded from coverage. Shortly after, Plaintiffs' counsel advised he was moving to withdraw from the case. In light of Defendant's affirmative defenses, Defendant anticipates early dispositive motion practice before any further settlement discussions.

14. **Consent to ~~Magistrate~~ Magistrate Judge:**  In regards to LR 26-1(b)(8), the parties do not consent to a magistrate judge.

15. **Reason for Special Scheduling Review.** Plaintiffs are currently represented by counsel who has moved to withdraw as attorney of record due to lack of client communication and after discussions with Defendant's counsel of the merits of the case, including that no claim was ever submitted for review. If the Court grants counsel's motion, Plaintiffs will need additional time to find new counsel and/or decide whether to proceed *pro se*. Additionally, Defendant is represented by local counsel, Robert Riether, and national counsel of Faegre Drinker Biddle & Reath LLP. Ava Giacobbo of Faegre Drinker Biddle & Reath LLP is currently representing Defendant in this matter but anticipates going on maternity leave in February 2024 and will need to transition this matter to another attorney to handle in her absence. Ms. Giacobbo's

pro hac vice motion is forthcoming. To account for both issues, the undersigned counsel have added an additional 90 days to the standard scheduling timeframe set forth in Local Rule 26-1 which should be sufficient but not greater than necessary to protect Plaintiffs' and Defendant's interests and ensure a just, speedy, and efficient resolution of this matter.

Dated this 6th day of January, 2024.

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

/s/ Philip J. Trenchak
Philip J. Trenchak, Esq.
Nevada Bar No. 9924
1614 S. Maryland Pkwy.
Las Vegas, NV 89104
*Attorney for Plaintiffs*

**Wright Finlay & Zak**

/s/ Robert Riether, esq.
Robert Riether, Esq
Nevada State Bar No. 012076
7785 W. Sahara, Suite 200
Las Vegas, NV 89117
Telephone: (702) 946-1345
rriether@wrightlegal.net
*Attorney for Defendant*

## **ORDER**

IT IS SO ORDERED   January 9   , 2024.

_____
U.S. ~~District Judge~~/Magistrate Judge